IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYRON FLEMING,
    Petitioner,

vs.                                Case No.: 3:05cv408/LAC/EMT

JAMES R. McDONOUGH,
FLORIDA PAROLE COMMISSION,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 6). Respondent James R. McDonough, Secretary of the Florida Department of Corrections ("DOC"), filed a motion to dismiss and relevant portions of the state court record (Doc. 10). Respondent Florida Parole Commission ("FPC") also filed an answer seeking dismissal or denial of Petitioner's claims (Doc. 13). Petitioner filed replies to the DOC's motion to dismiss and FPC's answer (Doc. 15, 16). In Petitioner's reply to FPC's answer he has urged the court to stay this matter if it determines that some of his claims are unexhausted (*see* Doc. 16 at 7).

        The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record. On July 19, 1976, in the Circuit Court for Lee County, Florida, Petitioner pleaded guilty to first-degree murder (Count I), attempted robbery (Count IV), and two counts of attempted first-degree murder (Counts VI and VII) (Doc. 10, Ex. B at 1). Petitioner was sentenced to death as to Count I and to a term of fifteen years in prison for each of the remaining counts (*id.*). Count IV's term was to run consecutive to Count I; Count VI was to be consecutive to the terms of Counts I and IV; and Count VII was to run concurrent with all other sentences imposed with 131 days credit for time served (*id.*). Petitioner appealed and was resentenced on May 2, 1980 to a term of life on Count I (*id.*, Ex. B at 6–16).

On March 5, 2004, Petitioner filed a petition for writ of mandamus in the circuit court for Leon County, Florida regarding FPC's review of his presumptive parole release date ("PPRD") (*see* Doc. 13, Ex. C at 2). The petition was assigned case number 2004-CA-701 (*id.*). On May 20, 2004, the circuit court issued a case management order giving Petitioner notice that he must comply with the requirements of § 57.085, Florida Statutes (2004),[1] and that failure to either pay the filing fee or comply with § 57.085 within thirty (30) days would result in dismissal of his case (*id.*, Ex. A at 2). On June 13, 2004, Petitioner filed a notice indicating that he had sent the court a partial filing fee in the amount of $41.00 and was awaiting receipt of his inmate account statement (*id.*, Ex. B; *see also id.*, Ex. C at 2 (docket notation reflecting receipt of this notice)). No further pleadings were

---

[1]Section 57.085, Florida Statutes, provides in relevant part:

> (2) When a prisoner who is . . . initiating a judicial proceeding seeks to defer the prepayment of court costs and fees because of indigence, the prisoner must file an affidavit of indigence with the appropriate clerk of the court. The affidavit must contain complete information about the prisoner's identity [and financial status]. . . . The prisoner must certify in the affidavit whether the prisoner has been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s. 1915 by a federal court. The prisoner must attach to the affidavit a photocopy of the prisoner's trust account records for the preceding 6 months or for the length of the prisoner's incarceration, whichever period is shorter. The affidavit must contain the following statements: "I am presently unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete." . . .
>
> (3) Before a prisoner may receive a deferral of prepayment of any court costs and fees for an action brought under this section, the clerk of court must review the affidavit and determine the prisoner to be indigent . . . .

Case No.: 3:05cv408/LAC/EMT

filed in case 2004-CA-701, and on August 19, 2004, the circuit court dismissed Petitioner's case for failure to comply with the court's case management order (*id.*, Ex. C at 2; *id.*, Ex. D; *see also* Doc. 10, Ex. D (same order)). On April 26, 2004, Petitioner filed a second petition for extraordinary relief in the circuit court for Leon County, Florida regarding FPC's review of his PPRD (*see* Doc. 13, Ex. C at 4). This second petition was assigned case number 2004-CA-1171 (*id.*). On June 9, 2004, the circuit court issued a case management order directing Petitioner to comply with § 57.085, Florida Statutes, or pay the filing fee within thirty (30) days (*see id.*). On August 18, 2004, case number 2004-CA-1171 was also dismissed for Plaintiff's failure to comply with § 57.085, Florida Statutes, or pay the filing fee as ordered in the circuit court's case management order (Doc. 10, Ex. E).

Petitioner appealed the circuit court's dismissal of his petitions for writs of mandamus (*see* Doc. 13, Ex. E). The First District Court of Appeal of Florida ("First DCA") consolidated Petitioner's appeals and affirmed the circuit court decisions per curiam without opinion on May 12, 2005 (Doc. 10, Ex. F; Doc. 13, Ex. G (same)). Fleming v. Fla. Parole Comm'n, 902 So. 2d 795 (Fla. 1st DCA 2005) (Table). Petitioner sought review of the First DCA's decision in the Florida Supreme Court, and the Florida Supreme Court dismissed Petitioner's case for lack of jurisdiction on August 18, 2005 (Doc. 10, Ex. G). Fleming v. Fla. Parole Comm'n, 911 So. 2d 98 (Fla. 2005) (Table). Petitioner also filed a separate petition seeking a writ of mandamus from the Florida Supreme Court in its original jurisdiction regarding FPC's review of his PPRD, which the Florida Supreme Court denied on March 31, 2005 (Doc. 10, Ex. H). Fleming v. Fla. Parole Comm'n, 913 So. 2d 596 (Fla. 2005) (Table). The Florida Supreme Court denied Petitioner's request for rehearing on September 26, 2005 (Doc. 16, Ex. F). *See also* Fleming, 913 So. 2d at 596 (Docket Entry on Sept. 26, 2005).[2]

Petitioner filed the instant habeas action on October 27, 2005 (Doc. 1 at 28). Respondents do not contest the timeliness of the instant petition, and the petition appears to be timely filed. *See* 28 U.S.C. § 2244(d) (providing a one-year statute of limitations on Federal habeas corpus actions).

II.   STANDARD OF REVIEW

---

[2]The docket for this case is available at the Florida Supreme Court website. *See* http://jweb.flcourts.org/pls/docket/ds_docket_search (search case number SC04-2287).

Case No.: 3:05cv408/LAC/EMT

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254 now provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a

---

[3]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99, 120 S. Ct. at 1499–1503, 1511–16); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13, 120 S. Ct. at 1518–23). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260–61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343–45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404–06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme

Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision

adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).") (dictum); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835–36 (11thCir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11thCir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11thCir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11thCir. 2004) ("[Petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record.")); *see also* Jones v. Walker, --- F.3d at ---, No. 04-13562, 2007 WL 2376275, at *10–11 (11th Cir. Aug. 22, 2007) (holding that the AEDPA's "unreasonable determination" standard must be met by clear and convincing evidence and concluding that § 2254(d)(2) was satisfied where prisoner showed "clearly and convincingly" that state court's decision "contain[ed] an 'unreasonable determination' of fact"). If a petitioner satisfies the AEDPA, and § 2254(d)(2), the federal court must review the merits of the constitutional claim "without deferring to the state court's finding. . . ." Panetti v. Quarterman, --- U.S. --- 127 S. Ct. 2842, 2858, --- L. Ed. 2d --- (2007).

Only if the federal habeas court finds the state court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. Panetti, 127 S. Ct. at 2858 (holding that "[w]hen a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement of § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires."); Jones, 2007 WL 2376275, at *13. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

III.     EXHAUSTION AND DEFAULT

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Id.* (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.* at 7 & n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364 (1995). The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Id.* at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the

---

[5]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

Case No.: 3:05cv408/LAC/EMT

case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[6]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 2555 & n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206,

---

[6]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.* A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[7] *Id.* Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

A petitioner can overcome a procedural default in two narrow circumstances. The petitioner must either show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is

---

[7]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

not enough to establish cause.  Tower, 7 F.3d at 210.  Furthermore, the Eleventh Circuit has held that because there is no constitutional right to an attorney in state post-conviction proceedings, any ineffectiveness of post-conviction counsel cannot be "considered cause for the purposes of excusing . . . procedural default that occur[s] . . . at the state collateral post-conviction level."  Henderson, 353 F.3d 892 (citing 28. U.S.C. § 2254(i); Coleman v. Thompson, 501 U.S. 722, 752 (1991); In re Magwood, 113 F.3d 1544, 1551 (11th Cir. 1997); Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991)).  To establish prejudice, a petitioner must show that there is "at least a reasonable probability that the result of the proceeding would have been different."  *Id.*

Alternatively, to satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further,

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.   PETITIONER'S CLAIMS

Petitioner raises sixteen claims in the instant amended petition (Doc. 6 at 4–11).[8]  In relevant part, Respondent FPC argues that Grounds I–VI of the instant amended petition are not cognizable as federal habeas corpus claims because they do not allege any violation of the Constitution or federal law (*see* Doc. 13 at 5).[9]  With respect to the remaining claims (Grounds VII–XI, XIII–XVII),

---

[8]Petitioner skipped the number twelve when enumerating his grounds for relief (*see* Doc. 6 at 9).  Thus, he has raised sixteen grounds, numbered one through seventeen, which exclude a ground numbered twelve (*see id.* at 4–12).

[9]Respondent DOC contends that only Ground I and Ground VI of Petitioner's amended petition relate to the DOC (Doc. 10 at 4).  With respect to Grounds I and VI, the DOC contends that Petitioner failed to exhaust his state court remedies and his claims are procedurally defaulted from federal review because he is now barred from seeking further relief in state court (*id.*).  Respondent FPC concedes that Grounds II–V are exhausted but contends that Petitioner's claims are procedurally defaulted from federal review because he failed to present his federal claim to the state courts

Respondent FPC contends that the claims were not presented to the state court and are therefore not properly exhausted and not ripe for federal review (*id.* at 6; *see also* Doc. 10 at 4 (the DOC has deferred to FPC's position on these claims)).

    A.    Claims not Cognizable on Federal Habeas Corpus Review

<u>Ground one: [T]his Petitioner was denied due process when the Leon Co. [sic] Court made Error of Law in failing to recognize and apply Precedent Law that Exempt [sic] Petitions that contain Sentencing Issues.</u>

<u>Ground two: Failure of Lower Ct [sic] to provide Pro Se Liberal interpretation of Action to denial of Due Process.</u>

<u>Ground three: Mr. Fleming was denied due Process when the Appeals Court Failed to Recognize and Follow Precedent authority.</u>

<u>Ground four: Petitioner was denied due Process when Fla Sup Ct [sic] Ruled that Petitioner Failed to Show how Respondents were in Violation.</u>

<u>Ground five: Petitioner was denied due process and Equal protection when the Fla Sup Ct [sic] Refused to take Certiorary [sic] to Settle a direct Conflict.</u>

<u>Ground six: Petitioner was denied due process when the DOC disrepurded [sic] the Sentencing Ct order that was Clear and Concise.</u>

(Doc. 6 at 4–6).

Petitioner claims that the circuit court should not have dismissed his mandamus actions because mandamus actions seeking review of sentencing issues may proceed without payment of the filing fee or a finding of indigency, that the DOC's failure to timely provide him with a six (6) month account statement caused his failure to comply with the state court's case management orders, the circuit court erroneously ordered Petitioner to pay the filing fee and should have accepted partial payment of the fee, the Florida Supreme Court erred by failing to allow Petitioner to proceed without payment of the filing fee or a finding of indigency, the Florida Supreme Court erred by failing to review the alleged conflict between the lower district courts, the Florida Supreme court erred by

---

and is now precluded from doing so (Doc. 13 at 5–6; *see* Doc. 10 at 4 (the DOC has deferred to FPC with respect to any claims regarding Petitioner's PPRD)).  As the court has determined that Grounds I–VI of the instant amended petition fail to raise a cognizable federal habeas corpus claim, the court need not address Respondents' arguments as to exhaustion and default with respect to Grounds I–VI.

Case No.: 3:05cv408/LAC/EMT

failing to resolve "a direct conflict with Fleming and the Fla. Sup. Ct. precedent," and the DOC disregarded the sentencing court's order of sentence and added additional sentencing obligations not set out by the sentencing judge in violation of state law and DOC policy (Doc. 6 at 4–6).

In response to Petitioner's claims, Respondent FPC argues that "Petitioner [] has failed to state any claim alleging a violation of the U.S. Constitution or federal law regarding the state court filing fee and thus has failed to raise a question cognizable on federal habeas corpus review" (Doc. 13 at 5). Respondent FPC further argues that Petitioner has not presented any constitutional or federal claims and the "question of whether the Florida [] courts properly imposed a filing fee under Florida Statutes is a question based solely on application of state law [and] is not cognizable on federal habeas corpus review" (*id.*). In other words, Respondent FPC argues that although Petitioner couched his claims in terms of federal constitutional law, Petitioner's claims raise issues dealing solely with state law regarding the payment of filing fees and sentencing procedures, which are not cognizable on federal habeas review (*see id.*).

In the instant case, the state trial court dismissed Petitioner's petitions for writs of mandamus "[b]ecause [Petitioner] has not filed the financial documentation required by the Case Management Order and Section 57.085, Florida Statutes, and has not paid the filing fee" (Doc. 10, Exs. D, E). On appeal, Petitioner argued that his petitions explained that he was indigent (Doc. 13, Ex. E at 3). He further argued that he was denied due process and the trial court abused its discretion because it did not review his petitions and instead dismissed his cases for failure to comply with the trial court's case management orders (*id.*, Ex. E at 4, 6–8). The First DCA affirmed the trial court's dismissal of Petitioner's cases on consolidated appeal per curiam without written opinion (Doc. 13, Ex. G). Fleming, 902 So. 2d at 795. The Florida Supreme Court dismissed his appeal of the First DCA's decision for lack of jurisdiction. (Doc. 10, Ex. G). Fleming, 911 So. 2d at 98. Petitioner also filed a separate petition seeking a writ of mandamus from the Florida Supreme Court in its original jurisdiction regarding FPC's review of his PPRD, which the Florida Supreme Court denied (Doc. 10, Ex. H). Fleming, 913 So. 2d at 596. In the instant petition, Petitioner argues, essentially, that (1) he was denied fundamental due process when the state circuit courts made errors of law and failed to follow state laws; (2) that the DOC failed to provide Petitioner with the financial documentation required by the state courts resulting in prejudice to Petitioner's cases and denial of

due process; (3) the First DCA failed to follow state law and Florida Supreme Court precedent; (4) the Florida Supreme Court failed to follow state law and its own case law; and (5) the DOC failed to comply and violated the court's order resentencing Petitioner to life on Count I by inserting into Petitioner's DOC file statutory language and information not contained in the state court's resentencing order, resulting in an increase in Petitioner's sentence (*see* Doc. 1 at 29–36 (memorandum in support of petition); *see also* Doc. 1 at 14–15).[10]

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83–84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983). Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief. *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted). Furthermore, the law has been settled for some time in the Eleventh Circuit that federal courts may not review a state's alleged failure to adhere to its own sentencing procedures. Branan v. Booth, 861 F.2d 1507, 1507–08 (11th Cir. 1988); Carrizales, 699 F.2d at 1054–55; Jones v. Estelle, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996 (1980); Willeford v. Estelle, 538 F.2d 1194, 1196–97 (5th Cir. 1976).[11]

In the instant case, Petitioner's claims in Grounds I–VI present issues that pertain only to alleged violations of Florida state law and thus are not cognizable on federal habeas corpus review. Moreover, the claim that the state failed to follow its own sentencing procedures, despite the fact

---

[10]The court has a duty to construe pro se pleadings in a liberal fashion. *See* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Dean v. Barber, 951 F.2d 1210, 1213 (11th Cir. 1992). The court notes that Ground VI of the instant amended petition is unclear as to how the DOC's alleged actions resulted in an increase in Petitioner's sentence; thus, the court has also considered the language provided by Petitioner in his original petition and memorandum of law in support of his petition in an effort to liberally construe his claims.

[11]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:05cv408/LAC/EMT

that it is couched in terms of due process, is also purely a matter of state law.  Therefore, federal habeas relief is unavailable, and Petitioner's amended petition should be denied with respect to Grounds I–VI.

    B.    Unexhausted Claims

<u>Ground seven: Petitioner denied due process and proper consideration when Parole Commission Relied on inaccurate and erroneous facts and Retrospective application of new Rules not applicable to Petitioner.</u>

<u>Ground eight: Petitioner was denied due process when Commission failed to follow its own Rules and Laws Set out in Specific Parole Guidelines.</u>

<u>Ground nine: Petitioner denied due process when Commission set Salient factor score at 03 without explanation as Rules and Law Require.</u>

<u>Ground ten: Petitioner denied due process when Commission Aggravates PPRD + 120 for Element of crime used to establish Severity Offense behavior score.</u>

<u>Ground eleven: Petitioner was denied due process when Commission Aggravates PPRD with Offenses that were extinguished.</u>

<u>Ground thirteen:[12] Petitioner was denied due process when Commission used Element of Firearm when such element is within primary offense.</u>

<u>Ground fourteen: The Petitioner was denied due process when the Commission Aggravated and Aggravated PPRD by +240 months for Elements of the Crime.</u>

<u>Ground fifteen: The Petitioner was denied due process when the Commission Aggravated PPRD by +60 months For Nine diciplinary [sic] reports when in fact there were only six DRs committed over A period of Twenty Five Years.</u>

<u>Ground sixteen: The Petitioner was denied due process when the Commission relied on Retrospective Application of Rules promulgated over the passage of time that are more onerous than those applicable to this Petitioner.</u>

<u>Ground seventeen: The Petitioner was denied due process when the Commission Applied the New Five 5 Year set off for reexamination of PPRD when Applicable Rules vested in Petitioner mandated biannual review.</u>

---

[12]As noted *supra*, Petitioner has not raised a ground numbered twelve (*see* Doc. 6 at 9).

(Doc. 6 at 6–12).[13]

Respondent FPC argues that because "Petitioner's state mandamus petition[s] have not been properly presented in state court and have not been ruled on, Petitioner has failed to exhaust his state court remedies" (Doc. 13 at 7). Petitioner argues that his claims are exhausted because "[t]he issues raised within the state mandamus [petitions] rest[] in fundamental due process violations occurring within administrative agencies" (*see* Doc. 16 at 3).

Upon review of the state court record, the undersigned concludes that Petitioner did not exhaust Grounds VII–XI and XIII–VII in the state courts because no state court reached the merits of Petitioner's claims (*see, e.g.*, Doc. 10, Exs. D, E (dismissing cases for failure to comply with case management order); *id.*, Ex. F (affirming dismissal on consolidated appeal); *id.*, Ex. H (Florida Supreme Court denying relief because Petitioner "has another adequate legal remedy" or because he has failed to demonstrate a clear legal right to the relief requested); Doc. 16, Ex. F (Florida Supreme Court denying rehearing)). *See also* Harvard v. Singletary, 733 So. 2d 1020, 1021–22 (Fla. 1999) (per curiam) (the Florida Supreme Court explained that if "we are able to determine on the face of the petition that the claim is successive or procedurally barred, we will continue our practice of denying those petitions").[14]

---

[13]The court notes that Respondent FPC has enumerated sixteen grounds for relief (*see* Doc. 13 at 4). The FPC includes as ground twelve, the ground that Petitioner numbered thirteen in his amended petition (*compare id.*, *with* Doc. 6 at 9).

[14]The Florida Supreme Court's jurisdiction to issue extraordinary writs is concurrent with the jurisdiction of the district courts of appeal and the circuit courts. *See* art. V, §§ 4(b)(3), 5(b), Fla. Const.; Harvard, 733 So. 2d at 1021. In Harvard, a prisoner sought an emergency writ of habeas corpus because he alleged that he was incorrectly assigned to close management status. 733 So. 2d at 1021. The Florida Supreme Court declined to exercise the discretion granted to it by the Florida Constitution, and instead transferred the petition to a more appropriate court. *Id.* The court explained that "in the future, we will likewise decline jurisdiction and transfer or dismiss writ petitions . . . that do not require immediate resolution by this Court." *Id.* at 1021–22 (emphasis in original). "If, however, we are able to determine on the face of the petition that the claim is successive or procedurally barred, we will continue our practice of denying those petitions." *Id.* at 1022, 1024. Thus, unless exceptional circumstances exist, extraordinary writs must first be filed in the circuit court forum. *See id.*; *see also* Hansen v. Fla. Parole and Probations Comm'n, 436 So. 2d 349 (Fla. 1st DCA 1983); Thomas v. Fla. Parole and Probation Comm'n, 436 So. 2d 349 (Fla. 1st DCA 1983). In the instant case, the Florida Supreme Court apparently relied on a procedural bar as an independent basis for its decision. *See* Harvard, 733 So. 2d at 1021–22; *cf., e.g.*, Sheley, 720 So. 2d at 218 ("once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court.").

Even though the court has determined that Petitioner failed to fairly present his federal claims to the state courts, the court will review the merits of Petitioner's claims. *See* 28 U.S.C. § 2254(b)(2) (section 2254 petition may be denied on the merits notwithstanding the petitioner's failure to exhaust state court remedies).

In Grounds VII–XI and XIII–XVII, Petitioner essentially alleges that Respondent FPC's review of his PPRD violated his due process rights (*see* Doc. 6 at 6–12). Specifically, Petitioner alleges that Respondent FPC relied on inaccurate and erroneous facts, failed to follow its own rules, failed to explain its findings, and improperly applied aggravating factors or "set off[s]" (*see id.*).

The United States Supreme Court has held that a prisoner has no due process right under the Constitution to be conditionally released before the expiration of his sentence unless the state creates such a right through its parole system. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed.2d 668 (1979). Under Florida law, a prisoner has no protected liberty interest in the establishment of a presumptive parole release date. Staton v. Wainwright, 665 F.2d 686, 687–88 (5th Cir. Unit B 1982),[15] *cert. denied*, 456 U.S. 909, 102 S. Ct. 1757, 72 L. Ed. 2d 166 (1982); *see also* Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) ("Parole is not a right, but an expectation that may be granted by [the parole commission]."); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986) (explaining that "there is no constitutional right to parole in Florida"); Hunter v. Fla. Parole and Probation Comm'n, 674 F.2d 847, 848 (11th Cir. 1982) (agreeing with Staton).[16] However, the Eleventh Circuit has recognized that a parole board's admitted reliance upon false information in determining whether to grant parole violates Due Process. Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991) (holding that the discretion given to the Alabama Parole Board in granting parole does not permit the Board to knowingly rely on false information contained in an inmate's file to deny him parole); *see also* Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982) (stressing that "absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal

---

[15]The Eleventh Circuit adopted as binding precedent all former Fifth Circuit Unit B decisions after October 1, 1981. Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[16]"It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." § 947.002(5), Fla. Stat. (2006).

courts."); *cf.* Damiano v. Fla. Parole and Probation Comm'n, 785 F.2d 929, 931–32 (11th Cir. 1986) (finding that the inmate "raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD."). But subsequent Eleventh Circuit precedent, while not expressly overruling Monroe, has noted that no due process rights exist for parole procedures where there is no legitimate expectation of parole. O'Kelley v. Snow, 53 F.3d 319, 321–22 (11th Cir. 1995). Furthermore, Monroe itself limits the "right" which it recognized to cases where the state admits the use of false information. 932 F.2d at 1442.

In this case, it is clear that Petitioner has no constitutionally protected due process right to the establishment of his PPRD. *See* Glumb, 891 F.2d at 873; Jonas, 779 F.2d at 1577; Hunter, 674 F.2d at 848; *see also* Green v. McDonough, No. 4:06cv588/RH/WCS, 2007 WL 496749, at *3 (N.D. Fla. Feb. 13, 2007) ("The claim that the Commission denied due process in setting or improperly aggravating [Petitioner's] PPRD does not entitle [him] to relief as he has no liberty interest in his PPRD and no entitlement to due process."). Moreover, Petitioner has not alleged that Respondent FPC knowingly and intentionally used false information to set his PPRD. *See* Currie v. David, No. 4:05cv287/WS, 2007 WL 1584401, at *6 (N.D. Fla. May 31, 2007) (explaining that where a plaintiff in a section 1983 action has not alleged that defendant "knowingly and intentionally [used] false information," Monroe does not apply); *see also* Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (noting that "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim . . . [w]ithout evidence of the Board's reliance on false information, a prisoner cannot succeed").[17] Therefore, Grounds VII–XI and XIII–XVII of the petition should be denied.

C. Petitioner's Request for a Stay

Finally, in order to preserve his potential federal habeas claims, Petitioner urges this court to stay the instant amended petition and hold it in abeyance to allow Petitioner to return to state court and perfect his claims (*see* Doc. 16 at 7).

---

[17]At most, Petitioner alleges only that FPC "relied on inaccurate information supplied to them by DOC" (Doc. 6 at 8) (emphasis in original). Petitioner does not allege that FPC knew the information was false nor does he allege that FPC intentionally relied on information that it knew to be false.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005), the Supreme Court held that the district court should stay, rather than dismiss, a "mixed" petition if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." With respect to Petitioner's request to stay the instant proceedings, Petitioner has stated no reason for his failure to exhaust his state court remedies. Furthermore, for the reasons discussed *supra* in Part IV(B), Petitioner's unexhausted claims are without merit. Thus, Petitioner cannot satisfy the <u>Rhines</u> standard, and his request for a stay of these proceedings should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's request for a stay be **DENIED** and that the amended petition for writ of habeas corpus (Doc. 6) be **DENIED**.

At Pensacola, Florida, this 5th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**